

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN SALGADO,

    Petitioner,

vs.

RANDY GROUNDS, Warden,

    Respondent.

No. C 11-1910 JSW (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the California Training Facility, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the California Board of Parole Hearings to deny him parole. This order dismisses the petition for failing to state a cognizable claim for federal habeas relief.

## DISCUSSION

I.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

Petitioner's first three claims argue that the denial of parole violated his right to due process because there was not sufficient reliable evidence that he would be a danger to the public if released. For purposes of federal habeas review, the federal constitutional right to due process entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. Petitioner does not dispute that he received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Id.* The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the first three claims in the petition do not to state a cognizable basis for federal habeas relief.

In his fourth claim, Petitioner argues that California Proposition 9, the "Victim's Bill of Rights Act," also known as "Marsy's Law," which passed in 2008 and reduces the frequency of his parole hearing, violates the Ex Post Facto Clause. A law reducing the number of mandatory parole reviews is "saved" from violating the Ex Post Facto Clause if the law retains discretionary parole reviews because the risk of increased punishment under these circumstances is only speculative. *Scott v. Baldwin*, 225 F.3d 1020, 1021-23

(9th Cir. 2000). Under this analysis, the Ninth Circuit has found that Marsy's Law does not violate the Ex Post Facto Clause. *See Gilman v. Schwarzenegger*, No. 10-15471, slip op. 1339, 1353-57 (9th Cir. Jan. 24, 2011) (although extensive changes to frequency of parole hearings required by Proposition 9 appeared to create a significant risk of prolonging plaintiffs' incarceration, court concluded that availability of advance hearings to board precluded relief because such availability sufficiently reduced the risk of increased punishment for prisoners). Accordingly, Petitioner's fourth claim also fails to state a viable claim for federal habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: MAY 06 2011

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARTIN SALGADO,

    Plaintiff,

v.

RANDY GROUND et al,

    Defendant.

Case Number: CV11-01910 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Martin Salgado
D97619
P.O. Box 689
Soledad, CA 93960

Dated: May 6, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk